IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:09-764 |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Michael Giuliano, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court pursuant to Defendant's *pro se* motion seeking to "amend/correct" the terms of supervised release imposed at his original sentencing. ECF No. 57.

Defendant argues this court committed procedural error in the imposition of a life term of supervised release. Mot. at 2. Additionally, Defendant contends the court failed to articulate "the necessity of the special sex offender conditions, including sex offender treatment and severe limitations on [D]efendant's use of computers." *Id*.

To the extent Defendant's motion is construed as a motion for modification of the terms of supervision, Section 3582 of Title 18, United States Code, provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> (1) in any case-
> ...
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.

18 U.S.C. § 3582. Section 3583 authorizes the sentencing court to:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; [and to]

> ...
>
> > extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

18 U.S.C. § 3583(e)(1), (2).

Defendant appears to argue that the court may, under § 3583(e)(2), "modify . . .the conditions of supervised release" before he begins serving it. The terms of the statute, however, imply that service of supervised release must have begun before the terms and conditions may be modified before its "expiration" or "termination." That is, the language of §§ 3583(e)(1) and (2) do not clearly give the court authority to modify supervised release terms and conditions before a defendant is released from incarceration.

However, the court need not address whether Section 3583(e) allows a pre-release modification motion. Defendant challenges the imposition of his sentence as procedurally unreasonable. Accordingly, Defendant's motion is, in reality, a motion for relief under 28 U.S.C. § 2255. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

If this court construes this motion as one for relief under § 2255, Defendant should be given the opportunity to either withdraw this motion, or amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[1]

---

[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

Because these limitations affect future filings by Defendant if this court proceeds with the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the motion filed February 20, 2014, as a motion for relief under § 2255. Defendant shall either move to withdraw the motion <u>if he so chooses</u>, or amend it to include all the grounds for relief he wishes to pursue by **Friday, March 14, 2014**.[2]

**IT IS SO ORDERED**.

          s/ Cameron McGowan Currie
          CAMERON McGOWAN CURRIE
          SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 26, 2014

---

application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would be barred absent this permission to file.

[2]The court takes no position at this time as to the timeliness of a motion for relief under 28 U.S.C. § 2255. Title 28 U.S.C. § 2255 contains a one-year statute of limitations on motions for relief under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a motion for relief under § 2255 must be filed within one year of a conviction becoming final. Because Defendant did not appeal his conviction or sentence, his conviction became final on May 14, 2010, the date his Judgment Order was entered onto the docket of this matter. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).